ELECTRONICALLY FILED
2019 Mar 08 5:07 PM
CLERK OF COURT

CIRCUIT COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**SUMMONS IN CIVIL ACTION**

Docket No. _____

| | |
|---|---|
| X | Lawsuit |
| ○ | Divorce |

Ad Damnum $ _____

| | | |
|---|---|---|
| **JOSE ENCARNACION and CECILIA MORAN, Individually and as Husband and Wife** | **VS** | **HEARTLAND EXPRESS INC OF IOWA d/b/a HEARTLAND EXPRESS and STEVEN SMITH** |

Plaintiff(s)                                        Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons)          Method of Service

**HEARTLAND EXPRESS INC OF IOWA
d/b/a HEARTLAND EXPRESS**
*Through Its Registered Agent:*
**Chris Strain
901 N Kansas Avenue
North Liberty, IA  52317**

- ○ Certified Mail
- ○ Sheriff
- ○ Commissioner of Insurance ($)
- X Secretary of State ($)
- ○ Other TN county Sheriff ($)
- ○ Private Process Server ($)
- ○ Other

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Morgan & Morgan – Memphis, LLC, Peter B. Gee, Jr., Esq. Plaintiff's attorney, whose address is One Commerce Square, 26th Floor, Memphis, TN 38103, telephone 901-217-7000 within THIRTY (30) DAYS after summons has been served upon you, not including the day of service.  If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON _____, Clerk

TESTED AND ISSUED _____  By _____, D.C.

**TO THE DEFENDANT:**

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books, Should any of these items be sized, you would have the right to recover them. If you do not understand your exemption right or how to exercise, it you may wish to seek the counsel of a lawyer.

I, TEMIIKA D. GIPSON _____, Clerk of the Court
Shelby County, Tennessee, certify this to
Be a true and accurate copy as filed this

_____

TEMIIKA D. GIPSON _____, Clerk

By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the \_\_\_\_\_ day of _____, 20\_\_\_\_\_ at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

This _____ day of _____, 20\_\_\_.

_____     By: _____
Signature of person accepting service                    Sheriff or other authorized person to serve process

---

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

Because _____ is (are) not to be found in this County after diligent search and

inquiry for the following reason(s): _____

This _____ day of _____, 20\_\_\_.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      JOSE ENCARNACION VS HEARTLAND EXPRESS

**Case Number:**   CT-1037-19

**Type:**              SUMMONS ISSD TO MISC

Sharon Smith, DC

Electronically signed on 03/11/2019 08:06:06 AM

ELECTRONICALLY FILED
2019 Mar 08 5:07 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**JOSE ENCARNACION and**
**CECILIA MORAN, Individually**
**and as Husband and Wife**

      **Plaintiffs,**

**vs.**

      **DOCKET NO:** CT-1037-19
      **DIVISION** 8
      **JURY DEMANDED**

**HEARTLAND EXPRESS INC OF IOWA**
**d/b/a HEARTLAND EXPRESS and**
**STEVEN SMITH**

      **Defendants.**

### COMPLAINT

COMES NOW the Plaintiffs, JOSE ENCARNACION and CECILIA MORAN, Individually and as Husband and Wife, by and through the undersigned counsel, and respectfully submit this Complaint and states as follows:

### PARTIES

1. The Plaintiffs, JOSE ENCARNACION and CECILIA MORAN hereinafter ("Plaintiff or "Plaintiffs"") are adult residents and citizens of Orlando, Orange County, Florida.

2. Upon information and belief, the Defendant, HEARTLAND EXPRESS INC OF IOWA. d/b/a HEARTLAND EXPRESS hereinafter ("Defendant Heartland Express") is licensed to do business in the state of Iowa and, upon further information and belief, is doing business in the state of Tennessee, who may be served with process through the Tennessee

1

Secretary of State pursuant to Tenn. Code Ann. §20-2-203 through its registered agent, Chris Strain at 901 N. Kansas Avenue, North Liberty, Iowa 52317.

3. Upon information and belief, the Defendant, STEVEN SMITH, hereinafter ("Defendant Smith") is believed to be an adult resident and citizen of Lorain, Lorain County, Ohio and may be served with process at 5780 W Erie Avenue, Lot 28, Lorain, Ohio 44053, and was the employee of Defendant HEARTLAND EXPRESS INC OF IOWA d/b/a HEARTLAND EXPRESS, or in the alternative, was an independent contractor operating a truck with the express permission of Defendant, HEARTLAND EXPRESS INC OF IOWA. d/b/a HEARTLAND EXPRESS.

4. The Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a tractor trailer driven by Defendant Smith in Memphis, Shelby County, Tennessee on or about May 23, 2018, and, upon information and belief, the vehicle is owned by Defendant Heartland Express.

**JURISDICTION AND VENUE**

5. All events which form the basis of this Complaint occurred in Memphis, Shelby County, Tennessee.

6. Venue is properly situated in Shelby County, Tennessee.

7. This Court has jurisdiction over the subject matter of this litigation.

**FACTS**

8. On or about May 23, 2018, at approximately 3:10 P.M., the Plaintiff Jose Encarnacion was traveling eastbound in the second lane from the right on I-40 in Memphis, Shelby County, Tennessee, and began to slow down for traffic in front of him.

2

9.  At said date, time and place, Defendant Smith, while traveling eastbound in the second lane on I-40, directly behind the Plaintiff, suddenly and without warning, violently rear-ended the Plaintiff's vehicle, causing a collision between the two vehicles.

10.  The force of this impact was so severe that it forced the Plaintiff's vehicle to strike the rear of an 18-wheeler that was traveling in front of him.

11. At said date, time and place, Defendant Smith negligently failed to maintain a proper lookout, keep a safe distance between vehicles, and control of the tractor-trailer he was operating and rear-ended the Plaintiff's vehicle, causing serious injuries, including, but not limited to post-concussive syndrome and neck and back pain.

12. At all times pertinent to this Complaint, Defendant Heartland Express was acting through its agent, servant, employee and/or independent contractor, specifically, the driver, Defendant Smith, and therefore, the Plaintiff relies on the doctrine of *Respondeat Superior*.

13. Defendant Heartland Express is the true owner of the tractor-trailer.

14.  Plaintiff pleads Defendant Smith was operating the tractor-trailer under Defendant Heartland Express' direct authority, consent and knowledge pursuant to Tennessee Code §55-10-311.

## CAUSE OF ACTION
## NEGLIGENCE

15.  Plaintiff reincorporates paragraphs 1-14 as though set forth verbatim.

16. Defendant Smith, was, at all times relevant to the events complained of, an employee, agent, and/or independent contractor of Defendant Heartland Express.

17.  Plaintiff relies upon the doctrines of agency, *Respondeat Superior*, and avers that Defendant Heartland Express is liable for the negligence of its employee, agent, and/or independent contractor, Defendant Smith.

3

18.    Defendant Smith had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the life and welfare of the Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of and around him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

19.    Defendant Smith acted with less than and/or failed to act with ordinary and reasonable care in the operation of the tractor-trailer.

20.    Defendant Smith had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including but not limited to, the Required Knowledge and Skills set forth in 49 CFR § 383.11 and §383.113 as well as the mandates of 49 CFR § 390-395.

21.    As a professional truck driver subject to the Federal Motor Carrier Safety Regulations, Defendant Smith also had a duty not to operate any commercial motor vehicle while he has any untreated sleep issues or sleep disorders.

22.    Defendant Smith is guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to wit:

> a.    Negligent in failing to use that degree of care and caution in the operation of his vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

4

b.   Negligent in failing to maintain a proper lookout for other vehicles and persons;

c.   Negligently following too closely to the plaintiff;

d.   Negligent in failing to warn Plaintiff;

e.   Negligently failing to yield to the plaintiff;

f.   Negligently failing to adequately and reasonably monitor the flow of traffic;

g.   Negligent in failing to devote his full time and attention to the operation of his vehicle;

h.   Negligent in failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent;

j.   Negligent in failing to prevent the accident and resulting injuries of the Plaintiff when he knew, or in the exercise of ordinary care, should have known that a collision was imminent;

k.   Negligent in striking the vehicle in front of him;

l.   Negligently failing to use reasonable care to avoid injury to others while operating a motor vehicle;

m.   Negligent in failing to yield the right of way to other vehicles in his path;

n.   Speeding under the then and there existing circumstances.

## NEGLIGENCE *PER SE*

23. The Plaintiff repeats the allegations contained in paragraphs 1-22 as though set forth verbatim.

5

24.     Plaintiff charges and alleges that all of the acts and/or omissions of common law negligence of the driver, Defendant Smith, are imputed to Defendant Heartland Express.

25.     Defendant Smith is guilty of violating the following statutes of the State of Tennessee that were in full force and effect at the time of the incident, which are the direct and proximate cause of the injuries complained of herein, to wit:

*Section 55-8-103*     *Required obedience to traffic laws –*
                        *It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.*

*Section 55-8-124:*    *Following too closely-*
                        *(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.*

*Section 55-8-136*     *Drivers to exercise due care –*
                        *(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.*

*Section 55-10-202*    *Operating a vehicle contrary to law –*
                        *(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.*

*Section 55-10-205*    *Reckless driving.*
                        *(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.*

26.     Defendant Smith is guilty of violating the following ordinances of the City of

6

Memphis that were in full force and effect at the time of the incident, which are the direct and proximate cause of the injuries complained of herein, to wit:

> *Section 11-16-2: Duty to devote full time and attention to operating vehicle;*
> *It shall be unlawful for a driver of a vehicle to fail to devote full time to the driving of said vehicle when such failure, under the then existing circumstances, endangers life, limb or property.*
>
> *Section 11-16-3: Duty to drive at safe speed, maintain lookout keep vehicle under control;*
> *Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:*
> *1. Operate his vehicle at a safe speed;*
> *2. Maintain a safe lookout;*
> *3. Use due care to keep his vehicle under control.*
>
> *Section 11-16-20: Following too closely;*
> *The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the street.*
>
> *Section 11-16-44: Reckless driving;*
> *Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.*

27.     Defendant Heartland Express was also **independently** negligent in the following ways:

a.      Negligently hiring or contracting with Defendant Smith to drive the tractor-trailer at issue;

b.      Negligently training Defendant Smith in the inspection of the tractor-trailer;

c.      Negligently entrusting Defendant Smith to drive a tractor-trailer professionally;

d.      Negligently retaining Defendant Smith to drive the tractor-trailer at issue;

e.      Failing to conduct proper and required checks on the background of its

7

employee, agent and/or contractor, Defendant Smith;

f.      Failing to supervise its employee, agent and/or contractor, Defendant Smith;

g.      Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

h.      Failing to have or enforce an appropriate policy on properly and safely changing or merging lanes while driving on two-lane roads;

i.      Failing to properly maintain the tractor-trailer at issue in this case;

j.      Negligently routing this driver and/or negligently allowing this driver to change lanes improperly;

k.      Otherwise violating state laws and federal regulations governing trucking companies; and

l.      Otherwise failing to act as a reasonably prudent company under the circumstances.

28.     Defendant Heartland Express had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

29.     As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

30.     The above-referenced acts of negligence of the Defendants were the cause, in fact, and proximate cause of the incident described in this Complaint, which resulted in the Plaintiff suffering significant physical and emotional injuries and damages.

31. Upon information and belief, Defendant Heartland Express maintained the vehicle being operated by the Defendant Smith for the use of business and commercial purposes.

32. At all times relevant, the vehicle driven by Defendant Smith was being operated and used with the authority, consent and knowledge and/or as an agent for Defendant Heartland Express, and/or for its use and benefit and/or as an agent for Heartland Express, for a business purpose. Thus, Heartland Express is liable to the Plaintiff for the negligence and negligence *per se* of Defendant Smith pursuant to the principles of *respondeat superior*, agency, bailment and/or under the presumptions set forth in Tenn. Code Ann. § 55-10-311 and 55-10-312.

## NEGLIGENT ENTRUSTMENT

33. Upon information and belief, Defendant Heartland Express furnished and/or gave permission to Defendant Smith to use the vehicle and thus was negligent in entrusting the operation of the vehicle owned by Heartland Express, which was the direct and proximate cause of the damages to Plaintiff.

34. At all times relevant, the vehicle driven by Defendant Smith was entrusted to him by Defendant Heartland Express, in spite of Defendant Smith's incompetence to use it and Defendant Heartland Express's knowledge of his incompetence. Thus, Defendant Heartland Express is liable to the Plaintiff for the negligent entrustment of the vehicle to Defendant Smith.

## NEGLIGENT HIRING

35.     The Defendant, Heartland Express, negligently hired, retained, and/or was negligent in their supervision of Defendant Smith in the course and scope of his duties as an agent/employee of Heartland Express.

36.     That Defendant Heartland Express' hiring practices fall below the applicable standard of care, and result in a breach of duty to the other drivers on the road by putting

untrained and/or unqualified drivers behind the wheel of their Heartland Express' vehicle(s).

## NEGLIGENT SUPERVISION

37.     That Defendant Heartland Express failed to adequately supervise and train their employees/agents, and in particular Defendant Smith, which resulted in injury to Plaintiff.

## NEGLIGENT MAINTENANCE

38.     That Defendant Heartland Express failed to properly maintain the vehicle(s) under their ownership and control, which contributed to and/or resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

39.     Plaintiff reincorporates the allegations contained in paragraphs 1-38 as though set forth verbatim.

40.     Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common law negligence and/or violations of the statues of the State of Tennessee on the part of the Defendants that the Plaintiff has suffered damages, including but not limited to:

    (a) Serious and severe personal injuries and damages;

    (b) Physical pain, mental suffering and anguish, both past and future;

    (c) Loss of ability to enjoy the normal pleasures of life, both past and future;

    (d) Permanent scarring, injury and disfigurement;

    (e) Lost wages, both past and future;

    (f) Other non-pecuniary losses; and

    (g) Medical expenses, both past and future, which partial expenses are hereby itemized and attached to this Complaint as "Exhibit A" and which Plaintiff asserts are reasonable pursuant to TCA §24-5-113(b).

| | |
|---|---|
| *Lake Mary Spine & Rehab Centers* | *$3,372.62* |
| *SimonMed Imaging* | *$6,356.88* |
| *Integrity Medical Group* | *$49,523.65* |
| *Sea Spine Orthopedic Institute* | *$481.00* |
| *Florida Hospital* | *$106,587.38* |
| *US Anesthesia Partners* | *$5,497.00* |
| *Florida Hospital* | *$19,057.98* |
| *Integrity Medical Group Winter Park* | *$662.80* |
| *Akumin* | *$176.00* |
| **TOTAL:** | **$191,715.31** |

41.     As a direct and proximate result of the negligence, and acts or omissions of the

Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury

and damages, including but not limited to those listed in this Complaint.

### CONSORTIUM CLAIM FOR PLAINTIFF CECILIA MORAN

Plaintiff, Cecilia Moran, as the lawful wife of Plaintiff, Jose Encarnacion, alleges that as a

direct and proximate result of the acts of gross negligence, malice, reckless disregard for the safety

of others, willful and wanton conduct, and negligence of the Defendants and the resulting injuries,

she sustained the loss of her husband's love, affections and society and, therefore, sues Defendants

for loss of consortium.

### RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray:

1.     That Plaintiffs be awarded special damages for medical, hospital and doctors

expenses incurred, and lost wages according to proof;

2.     That Plaintiffs be awarded the present cash value of any medical care and

treatment that has or will have to undergo;

3.     That the Plaintiffs be awarded compensatory damages in an amount to be

determined by a jury;

4.     That Plaintiffs be awarded post-judgement interest as allowed by law;

5.  That a jury be empaneled to try the issues which are joined; and

6.  Such further relief as the Court may deem just and equitable.

Respectfully Submitted,

MORGAN & MORGAN MEMPHIS, LLC

Peter B. Gee, Jr. (TN #21484)
Russell B. Jordan (TN #25493)
One Commerce Square, Suite 2600
Memphis, TN  38103
Phone: (901) 217-7000
Facsimile: (901) 333-1897
pgee@forthepeople.com
rjordan@forthepeople.com
*Attorneys for Plaintiff*

12

ELECTRONICALLY FILED
2019 Mar 11 10:11 AM
CLERK OF COURT

RP Date ID: Dec 12 2018

**Lake Mary Spine & Rehab Center**

111 E Lake Mary Blvd. Ste 115
Sanford, FL 32773-7111
(407)942-3258

Jose Encarnacion

| Statement Date | Chart Number | Page |
|----------------|--------------|------|
| 12/12/2018 | ENCJO000 | 1 |

**Make Checks Payable To:**

**Lake Mary Spine & Rehab Center**
820 W. Lake Mary Blvd. #107
Sanford, FL 32773
(863)409-7588

| Date of Last Payment: | Amount: |
|----|----|

| Patient: Jose Encarnacion | Chart Number: ENCJO000 | Case: Neck and back pain |
|----|----|----|

| Dates | Procedure | Charge |
|-------|-----------|--------|
| 06/04/18 | 99203 | 230.00 |
| 06/04/18 | 97110 | 66.00 |
| 06/04/18 | 97140 | 62.00 |
| 06/04/18 | L0642 | 700.00 |
| 06/04/18 | 98960 | 53.52 |
| 06/04/18 | 64550 | 31.74 |
| 06/11/18 | 98940 | 62.00 |
| 06/11/18 | 97012 | 33.00 |
| 06/11/18 | 97140 | 124.00 |
| 06/11/18 | 97035 | 45.00 |
| 06/11/18 | G0283 | 29.38 |
| 06/18/18 | 98940 | 62.00 |
| 06/18/18 | 97012 | 33.00 |
| 06/18/18 | 97140 | 124.00 |
| 06/18/18 | 97035 | 45.00 |
| 06/18/18 | G0283 | 29.38 |
| 06/25/18 | 97140 | 62.00 |
| 06/25/18 | 97035 | 45.00 |
| 06/25/18 | G0283 | 29.38 |
| 06/25/18 | 98941 | 84.00 |
| 06/25/18 | 97110 | 66.00 |
| 06/25/18 | 97012 | 33.00 |
| 07/02/18 | 97140 | 124.00 |
| 07/02/18 | 97035 | 45.00 |
| 07/02/18 | G0283 | 29.38 |
| 07/02/18 | 97110 | 66.00 |
| 07/02/18 | 97012 | 33.00 |
| 07/02/18 | 98940 | 62.00 |
| 07/23/18 | 98940 | 62.00 |
| 07/23/18 | 97110 | 66.00 |

RP Date ID: Dec 12 2018
**Lake Mary Spine & Rehab Center**
111 E Lake Mary Blvd. Ste 115
Sanford, FL 32773-7111
(407)942-3258

Jose Encarnacion

| Statement Date | Chart Number | Page |
|---|---|---|
| 12/12/2018 | ENCJO000 | 2 |

**Make Checks Payable To:**

**Lake Mary Spine & Rehab Center**
820 W. Lake Mary Blvd. #107
Sanford, FL 32773
(863)409-7588

| Date | Code | Amount |
|---|---|---|
| 07/23/18 | 97012 | 33.00 |
| 07/23/18 | 97140 | 62.00 |
| 07/23/18 | 97035 | 45.00 |
| 07/23/18 | G0283 | 33.00 |
| 08/06/18 | 97140 | 62.00 |
| 08/06/18 | 97035 | 45.00 |
| 08/06/18 | 97012 | 33.00 |
| 08/06/18 | G0283 | 33.00 |
| 08/13/18 | 98940 | 62.00 |
| 08/13/18 | 97140 | 62.00 |
| 08/13/18 | 97012 | 33.00 |
| 08/13/18 | 97035 | 45.00 |
| 08/13/18 | G0283 | 33.00 |
| 08/20/18 | 97012 | 33.00 |
| 08/20/18 | 97140 | 62.00 |
| 08/20/18 | 97035 | 45.00 |
| 08/20/18 | G0283 | 33.00 |
| 10/29/18 | 97012 | 33.00 |
| 10/29/18 | 97140 | 62.00 |
| 10/29/18 | 97035 | 45.00 |
| 11/26/18 | 97140 | 62.00 |
| 11/26/18 | G0283 | 33.00 |

| Total Charges | Total Payments | Total Adjustments | Amount Due |
|---|---|---|---|
| 3525.78 | | | |

RP Date ID: Dec 12 2018

**Lake Mary Spine & Rehab Center**

111 E Lake Mary Blvd., Ste 115
Sanford, FL 32773-7111
(407)802-4476

Jose Encarnacion

| Statement Date | Chart Number | Page |
|---|---|---|
| 12/12/2018 | ENCJO001 | 1 |

**Make Checks Payable To:**

**Spine & Rehabilitation Centers**
8288 Lee Vista Blvd. Suite A
Orlando, FL 32829
(407)802-4476

| Date of Last Payment: | Amount: | Previous Balance: |
|---|---|---|

| Patient: Jose Encarnacion | Chart Number: ENCJO001 | Case: Neck and back pain |
|---|---|---|

| Dates | Procedure | Charge |
|---|---|---|
| 06/05/18 | 97110 | 66.00 |
| 06/05/18 | 97140 | 124.00 |
| 06/05/18 | 97035 | 30.00 |
| 06/05/18 | G0283 | 29.38 |
| 06/07/18 | 99213 | 150.00 |
| 06/07/18 | 97140 | 124.00 |
| 06/07/18 | G0283 | 29.38 |
| 06/07/18 | 99070 | 75.00 |
| 06/07/18 | 98960 | 53.52 |
| 06/08/18 | 98940 | 62.00 |
| 06/08/18 | 97110 | 66.00 |
| 06/08/18 | 97012 | 33.00 |
| 06/08/18 | 97140 | 62.00 |
| 06/08/18 | 97035 | 30.00 |
| 06/08/18 | G0283 | 29.38 |
| 06/09/18 | 97035 | 30.00 |
| 06/09/18 | 97110 | 198.00 |
| 06/09/18 | 97140 | 62.00 |
| 06/09/18 | G0283 | 29.38 |
| 06/12/18 | 98941 | 84.00 |
| 06/12/18 | 97110 | 132.00 |
| 06/12/18 | 97140 | 62.00 |
| 06/12/18 | 97035 | 30.00 |
| 06/12/18 | G0283 | 29.38 |
| 06/13/18 | 98941 | 84.00 |
| 06/13/18 | 97110 | 66.00 |
| 06/13/18 | 97140 | 124.00 |
| 06/13/18 | 29200 | 125.00 |
| 06/13/18 | 97035 | 30.00 |
| 06/13/18 | G0283 | 29.38 |

RP Date ID: Dec 12 2018
**Lake Mary Spine & Rehab Center**
111 E Lake Mary Blvd., Ste 115
Sanford, FL 32773-7111
(407)802-4476

Jose Encarnacion

| Statement Date | Chart Number | Page |
|---|---|---|
| 12/12/2018 | ENCJO001 | 2 |

| Make Checks Payable To: |
|---|
| **Spine & Rehabilitation Centers**<br>8288 Lee Vista Blvd. Suite A<br>Orlando, FL 32829<br>(407)802-4476 |

| | | |
|---|---|---|
| 06/14/18 | 98941 | 84.00 |
| 06/14/18 | 97110 | 66.00 |
| 06/14/18 | 97012 | 33.00 |
| 06/14/18 | 97140 | 124.00 |
| 06/14/18 | 97035 | 30.00 |
| 06/14/18 | G0283 | 29.38 |
| 06/15/18 | 97110 | 66.00 |
| 06/15/18 | 97012 | 33.00 |
| 06/15/18 | 97140 | 124.00 |
| 06/15/18 | 97035 | 30.00 |
| 06/15/18 | G0283 | 29.38 |
| 06/16/18 | 97110 | 132.00 |
| 06/16/18 | 97035 | 30.00 |
| 06/16/18 | G0283 | 29.38 |
| 06/19/18 | 97110 | 66.00 |
| 06/19/18 | 97140 | 124.00 |
| 06/19/18 | 97035 | 30.00 |
| 06/19/18 | G0283 | 29.38 |
| 06/20/18 | 98941 | 84.00 |
| 06/20/18 | 97110 | 66.00 |
| 06/20/18 | 97012 | 33.00 |
| 06/20/18 | 97140 | 62.00 |
| 06/20/18 | 97035 | 30.00 |
| 06/20/18 | G0283 | 29.38 |
| 06/22/18 | 98940 | 62.00 |
| 06/22/18 | 97140 | 124.00 |
| 06/22/18 | G0283 | 29.38 |
| 06/26/18 | 98941 | 84.00 |
| 06/26/18 | 97110 | 66.00 |
| 06/26/18 | 97140 | 124.00 |
| 06/26/18 | G0283 | 29.38 |
| 06/27/18 | 98941 | 84.00 |
| 06/27/18 | 97110 | 66.00 |
| 06/27/18 | 97140 | 124.00 |
| 06/27/18 | 97035 | 30.00 |

RP Date ID: Dec 12 2018
**Lake Mary Spine & Rehab Center**
111 E Lake Mary Blvd., Ste 115
Sanford, FL 32773-7111
(407)802-4476

Jose Encarnacion

| Statement Date | Chart Number | Page |
|---|---|---|
| 12/12/2018 | ENCJO001 | 3 |

**Make Checks Payable To:**

**Spine & Rehabilitation Centers**
8288 Lee Vista Blvd. Suite A
Orlando, FL 32829
(407)802-4476

| | | |
|---|---|---|
| 06/28/18 | 98941 | 84.00 |
| 06/28/18 | 97110 | 66.00 |
| 06/28/18 | 97140 | 124.00 |
| 06/28/18 | 97035 | 30.00 |
| 06/28/18 | G0283 | 29.38 |
| 06/29/18 | 97140 | 124.00 |
| 06/29/18 | 98941 | 84.00 |
| 06/29/18 | G0283 | 29.38 |
| 07/12/18 | 98941 | 84.00 |
| 07/12/18 | 97110 | 66.00 |
| 07/12/18 | 97012 | 33.00 |
| 07/12/18 | 97140 | 124.00 |
| 07/12/18 | 97035 | 30.00 |
| 07/12/18 | G0283 | 33.00 |
| 07/13/18 | 97140 | ·62.00 |
| 07/13/18 | 97035 | 30.00 |
| 07/13/18 | G0283 | 33.00 |
| 07/13/18 | 97110 | 132.00 |
| 07/13/18 | 97012 | 33.00 |
| 07/14/18 | 98941 | 84.00 |
| 07/14/18 | 97012 | 33.00 |
| 07/14/18 | 97110 | 66.00 |
| 07/14/18 | 97140 | 124.00 |
| 07/14/18 | 97035 | 30.00 |
| 07/14/18 | G0283 | 33.00 |
| 07/17/18 | 98941 | 84.00 |
| 07/17/18 | 97012 | 33.00 |
| 07/17/18 | 97140 | 124.00 |
| 07/17/18 | 97035 | 30.00 |
| 07/17/18 | G0283 | 33.00 |
| 07/18/18 | 97140 | 62.00 |
| 07/18/18 | 97035 | 30.00 |
| 07/18/18 | G0283 | 33.00 |
| 07/18/18 | 97110 | 132.00 |
| 07/18/18 | 97012 | 33.00 |

RP Date ID: Dec 12 2018
**Lake Mary Spine & Rehab Center**
111 E Lake Mary Blvd., Ste 115
Sanford, FL 32773-7111
(407)802-4476

Jose Encarnacion

| Statement Date | Chart Number | Page |
|----------------|--------------|------|
| 12/12/2018 | ENCJO001 | 4 |

**Make Checks Payable To:**

**Spine & Rehabilitation Centers**
8288 Lee Vista Blvd. Suite A
Orlando, FL 32829
(407)802-4476

| | | |
|--------|-------|--------|
| 07/18/18 | 98941 | 84.00 |
| 07/19/18 | 98941 | 84.00 |
| 07/19/18 | 97110 | 132.00 |
| 07/19/18 | 97012 | 33.00 |
| 07/19/18 | 97140 | 62.00 |
| 07/19/18 | 97035 | 30.00 |
| 07/19/18 | G0283 | 33.00 |
| 07/19/18 | A9300 | 120.00 |
| 07/20/18 | 98940 | 62.00 |
| 07/20/18 | 97110 | 132.00 |
| 07/20/18 | 97012 | 33.00 |
| 07/20/18 | 97140 | 62.00 |
| 07/20/18 | 97035 | 30.00 |
| 07/20/18 | G0283 | 33.00 |
| 07/21/18 | 98941 | 84.00 |
| 07/21/18 | 97110 | 132.00 |
| 07/21/18 | 97140 | 62.00 |
| 07/21/18 | 97035 | 30.00 |
| 07/21/18 | G0283 | 33.00 |
| 07/24/18 | 98940 | 62.00 |
| 07/24/18 | 97110 | 66.00 |
| 07/24/18 | 97012 | 33.00 |
| 07/24/18 | 97140 | 62.00 |
| 07/24/18 | 97010 | 12.24 |
| 07/24/18 | 97035 | 30.00 |
| 07/24/18 | G0283 | 33.00 |
| 08/01/18 | 98941 | 84.00 |
| 08/01/18 | 97110 | 132.00 |
| 08/01/18 | 97012 | 33.00 |
| 08/01/18 | 97140 | 62.00 |
| 08/01/18 | 97035 | 30.00 |
| 08/01/18 | G0283 | 33.00 |
| 08/02/18 | 98941 | 84.00 |
| 08/02/18 | 97110 | 132.00 |
| 08/02/18 | 97140 | 62.00 |

RP Date ID: Dec 12 2018
**Lake Mary Spine & Rehab Center**
111 E Lake Mary Blvd., Ste 115
Sanford, FL 32773-7111
(407)802-4476

Jose Encarnacion

| Statement Date | Chart Number | Page |
|---|---|---|
| 12/12/2018 | ENCJO001 | 5 |

**Make Checks Payable To:**

**Spine & Rehabilitation Centers**
8288 Lee Vista Blvd. Suite A
Orlando, FL 32829
(407)802-4476

| | | |
|---|---|---|
| 08/02/18 | 97035 | 30.00 |
| 08/02/18 | G0283 | 33.00 |
| 08/04/18 | 98941 | 84.00 |
| 08/04/18 | 97110 | 66.00 |
| 08/04/18 | 97012 | 33.00 |
| 08/04/18 | 97140 | 124.00 |
| 08/04/18 | 97035 | 30.00 |
| 08/04/18 | G0283 | 33.00 |
| 08/10/18 | 97140 | 62.00 |
| 08/10/18 | 97035 | 30.00 |
| 08/10/18 | 97110 | 66.00 |
| 08/17/18 | 97140 | 124.00 |
| 08/17/18 | 97110 | 66.00 |
| 09/07/18 | 97140 | 124.00 |
| 09/07/18 | 97010 | 12.24 |
| 09/07/18 | 97035 | 30.00 |
| 09/07/18 | 97110 | 66.00 |
| 09/13/18 | 98941 | 84.00 |
| 09/13/18 | 97110 | 66.00 |
| 09/13/18 | 97140 | 124.00 |
| 09/13/18 | 97035 | 30.00 |
| 09/13/18 | G0283 | 33.00 |
| 09/19/18 | 97140 | 124.00 |
| 09/19/18 | 97035 | 30.00 |
| 09/19/18 | G0283 | 33.00 |
| 09/19/18 | 98941 | 84.00 |
| 09/19/18 | 97110 | 66.00 |
| 11/06/18 | 98940 | 62.00 |
| 11/06/18 | 97035 | 30.00 |
| 11/06/18 | G0283 | 33.00 |
| 11/06/18 | 97140 | 62.00 |
| 11/06/18 | 97110 | 66.00 |
| 11/08/18 | 98940 | 62.00 |
| 11/08/18 | 97035 | 30.00 |
| 11/08/18 | G0283 | 33.00 |

RP Date ID: Dec 12 2018

**Lake Mary Spine & Rehab Center**

111 E Lake Mary Blvd., Ste 115
Sanford, FL 32773-7111
(407)802-4476

Jose Encarnacion

| Statement Date | Chart Number | Page |
|---|---|---|
| 12/12/2018 | ENCJO001 | 6 |

| Make Checks Payable To: |
|---|
| **Spine & Rehabilitation Centers**<br>8288 Lee Vista Blvd. Suite A<br>Orlando, FL 32829<br>(407)802-4476 |

| 11/08/18 | 97140 | 62.00 |
|---|---|---|
| 11/08/18 | 97110 | 132.00 |
| 11/08/18 | 97012 | 33.00 |
| 11/16/18 | 97110 | 66.00 |
| 11/16/18 | 97012 | 33.00 |
| 11/16/18 | 29200 | 125.00 |
| 11/16/18 | 97035 | 30.00 |
| 11/16/18 | G0283 | 33.00 |
| 11/20/18 | 98941 | 84.00 |
| 11/20/18 | 97110 | 66.00 |
| 11/20/18 | 97012 | 33.00 |
| 11/20/18 | 97140 | 62.00 |
| 11/20/18 | 97035 | 30.00 |
| 11/20/18 | G0283 | 33.00 |
| 11/28/18 | 98941 | 84.00 |
| 11/28/18 | 97110 | 66.00 |
| 11/28/18 | 97140 | 124.00 |
| 11/28/18 | G0283 | 33.00 |
| 11/30/18 | 97140 | 62.00 |
| 11/30/18 | 97035 | 30.00 |
| 11/30/18 | G0283 | 33.00 |
| 11/30/18 | 97110 | 66.00 |
| 11/30/18 | 97012 | 33.00 |

| Total Charges | Total Payments | Total Adjustments | Amount Due |
|---|---|---|---|
| 12129.70 | | | |

Simonmed Imaging Florida LLC
279 Douglas Avenue, Ste 1110
Altamonte Springs, FL 32714
(407)206-2162

| Statement Date |
| --- |
| 8/17/2018 |

| Page |
| --- |
| 1 |

Jose Encarnacion

| Chart Number |
| --- |
| 21824810 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| | | | Previous Balance: | |

Patient: Jose Encarnacion    Chart #: 21824810
Case Description: 2018 4 26 MVA    Date of Last Payment:    Amount:

| | | | | |
| --- | --- | --- | --- | --- |
| 6/6/2018 | 1806150000 | MRI SPINAL CANAL LUMBAR W/O CONTR/ | 26091 | 1,528.32 |
| 6/6/2018 | 1806150000 | MRI SPINAL CANAL CERVICAL W/O CONT | 26091 | 1,548.72 |

Patient: Jose Encarnacion    Chart #: 21824810
Case Description: 2018 5 23 MVA    Date of Last Payment:    Amount:

| | | | | |
| --- | --- | --- | --- | --- |
| 7/30/2018 | 1808070000 | MRI SPINAL CANAL THORACIC W/O CONT | 27487 | 1,551.44 |
| 7/30/2018 | 1808070000 | MRI BRAIN BRAIN STEM W/O CONTRAST | 27487 | 1,748.80 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
| --- | --- | --- | --- |
| $6377.28 | | | |

```
                                          INVOICE# 777504049   PAGE:1
                                       ACCOUNT# OF GUARANTOR: 33700605

INTEGRITY MEDICAL GROUP LLC                     DATE: Dec-18-2018
40 ALEXANDRIA BLVD SUITE 1020
OVIEDO, FL 32765-8910                  PATIENT ACCOUNT# 33700605
                                       PATIENT: ENCARNACION, JOSE
                                       DATE OF SERVICE: 07-03-18
                                       PLEASE PAY
```

JOSE ENCARNACION                      PAY TO: INTEGRITY MEDICAL GROUP LLC
                                              40 ALEXANDRIA BLVD SUITE 1020
                                              OVIEDO, FL 32765-8910

---------------------------Cut Here & Return Above Portion With Payment ----------------------------------

| DATE | DESCRIPTION | CHARGES |
|---|---|---|
| PATIENT: ENCARNACION, JOSE  ACCT# 33700605 | | |
| 07-03-18 | NEW PT LEVEL 3 | $434.48 |
| 07-03-18 | INTEREST | $1.09 |
| 07-25-18 | EST PT LEVEL 3 | $293.20 |
| 08-07-18 | EST PT LEVEL 3 | $293.20 |
| 08-17-18 | NEW PT LEVEL 4 | $662.12 |
| 08-17-18 | Inject spine cerv/thoracic /with imaging guidance (i.e.  fluoroscopy o | $2,619.66 |
| 08-17-18 | OMNIPAQUE 300ML | $100.00 |
| 08-17-18 | LIDOCAINE 10ML | $40.00 |
| 08-17-18 | METHYLPREDNISOLONE 80 MG INJ | $40.00 |
| 08-17-18 | 4  SODIUM BICARBONATE | $30.00 |
| 09-06-18 | Inject spine cerv/thoracic /with imaging guidance (i.e.  fluoroscopy o | $2,619.66 |

```
                                         INVOICE# 777504049   PAGE:2
                                      ACCOUNT# OF GUARANTOR: 33700605

                                                    DATE: Dec-18-2018
INTEGRITY MEDICAL GROUP LLC
40 ALEXANDRIA BLVD SUITE 1020            PATIENT ACCOUNT# 33700605
OVIEDO, FL 32765-8910                    PATIENT: ENCARNACION, JOSE
                                         DATE OF SERVICE: 07-03-18
                                         PLEASE PAY
```

JOSE ENCARNACION                    PAY TO: INTEGRITY MEDICAL GROUP LLC
                                            40 ALEXANDRIA BLVD SUITE 1020
                                            OVIEDO, FL 32765-8910

-----------------------Cut Here & Return Above Portion With Payment -----------------------------

| DATE | DESCRIPTION | CHARGES |
|------|-------------|---------|
| 09-06-18 | OMNIPAQUE 300ML | $100.00 |
| 09-06-18 | LIDOCAINE 10ML | $40.00 |
| 09-06-18 | METHYLPREDNISOLONE 80 MG INJ | $40.00 |
| 09-06-18 | 4  SODIUM BICARBONATE | $30.00 |
| 09-17-18 | EST PT LEVEL 3 | $293.20 |
| 09-20-18 | EST PT LEVEL 2 | $175.64 |
| 11-15-18 | EST PT LEVEL 1 | $85.44 |
| 12-13-18 | Neck spine fuse remov bel c2 | $18,922.23 |
| 12-13-18 | Addl neck spine fusion | $8,748.36 |
| 12-13-18 | Insj biomechanical device | $8,671.20 |
| 12-13-18 | Sp bone algrft morsel add-on | $1,500.00 |
| 12-13-18 | Neck spine fuse remov bel c2 | $1,892.22 |
| 12-13-18 | Addl neck spine fusion | $874.83 |
| 12-13-18 | Insj biomechanical device | $867.12 |
| 12-13-18 | Sp bone algrft morsel add-on | $150.00 |



**Sea Spine Orthopedic Institute-ORL**
3107 W Hallandale Bch Blvd #100
Pembroke Park, FL 33009
Phone: (866) 816-7846
Fax: (954) 458-2928

## ITEMIZED STATEMENT OF CHARGES

JOSE ENCARNACION

Date:   08/23/2018

Account:   413218          Injury: 05/23/18
          DOB: 11/3/1955
Address:   12131 CLUB WOOD DR
           Orlando FL 32824

Attorney:   ATTY PETER  GEE ESQ
Address:    40 S MAIN STREET
            MEMPHIS TN  38103
Phone:      (901)333-1900   FAX: (901)333-1897
Email:
Direct Email:   PGEE@FORTHEPEOPLE.COM

| DATE | CODE | BODY | ID | AMOUNT |
|------|------|------|----|--------|
| 08/14/18 | 99243 | Initial Consult Level 3 | TI1 | 481.00 |
| | | | | 481.00 |

Printed: 08/23/2018 @  2:53 pm

  

# FLORIDA HOSPITAL

ADVENTHEALTH ORLANDO
601 E ROLLINS ST
ORLANDO FL 328031248
(407) 303-0515

IRS NO. 590724459

A NON-PROFIT HOSPITAL LICENSED BY THE STATE

INSURANCE BENEFITS ARE ESTIMATES ONLY AND ARE NOT NECESSARILY FINAL

PLEASE: REFER TO ACCOUNT NUMBER ON ALL CORRESPONDENCE & PAYMENTS

**ACCOUNT NUMBER** 89621223

| | |
|---|---|
| PATIENT NAME | ENCARNACION, JOSE M |
| PATIENT ADDRESS | 12131 CLUB WOODS DR |
| INSURANCE COMPANY | |
| INS. POLICY | VMYH29863720 99999MBS |
| EMPLOYER NAME | UNLISTED EMPLOYER |
| ADMISSION | 12/13/18   07:29 AM |
| DISCHARGE | 12/14/18   02:40 PM |

TOTAL DAYS 1

**GUARANTOR**
JOSE M ENCARNACION

PAGE    1    OF    2    PAGES

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

AMOUNT ENCLOSED   $

| REFERENCE NUMBER | INSUR CATEGORY | DESCRIPTION OF SERVICE | QUANTITY | UNIT | TOTAL AMOUNT | MAXIMUM ESTIMATED COVERAGE |
|---|---|---|---|---|---|---|
| | | **12/11/18** | | | | |
| 020001188 | 301 | BASIC METABOLIC PNL | 1 | 218.00 | 218.00 | |
| 080001012 | 305 | HEMOGRAM W/ PLT CT | 1 | 224.00 | 224.00 | |
| 090000527 | 305 | PROTHROMBIN TIME | 1 | 170.00 | 170.00 | |
| 090000528 | 305 | PARTIAL THROMBO TIME | 1 | 198.00 | 198.00 | |
| 210001020 | 324 | CHEST, PA&LAT | 1 | 573.00 | 573.00 | |
| 130000500 | 730 | EKG | 1 | 494.00 | 494.00 | |
| | | TOTALS   FOR   12/11/18 | | | 1877.00 | |
| | | **12/13/18** | | | | |
| 020080015 | 121 | R&B MED NEURO | 1 | 2400.00 | 2400.00 | |
| 300000957 | 250 | REMIFENTANIL HCL 2MG | 1 | 1047.21 | 1047.21 | |
| 300005199 | 250 | BACITRACIN 50,000 UNIT | 1 | 64.70 | 64.70 | |
| 300006438 | 250 | FAMOTIDINE 20MG INJ | 1 | 5.79 | 5.79 | |
| 300010125 | 250 | PERCOCET-5        TAB | 2 | 1.50 | 3.00 | |
| 300010125 | 250 | PERCOCET-5        TAB | 2 | 1.50 | 3.00 | |
| 300009145 | 251 | LIDOCAINE/EPI 1% 50 ML | 1 | 50.71 | 50.71 | |
| 300009657 | 251 | METHOCARBOMOL 500 MG | 1 | 2.30 | 2.30 | |
| 300001970 | 252 | LEVOTHYROXINE 0.15 MG | 1 | 7.08 | 7.08 | |
| 300011047 | 252 | THROMBIN 5,000 UNITS | 4 | 800.83 | 3203.33 | |
| 750002504 | 272 | SPEC. SUPPLY LEV 5 | 1 | 1900.50 | 1900.50 | |
| 750004300 | 272 | MON SSEP VITAL 1ST 4H | 1 | 3741.50 | 3741.50 | |
| 750017980 | 272 | TIP FORCEP ISOCOOL 1.0 | 1 | 3951.02 | 3951.02 | |
| 750010007 | 278 | SPEC IMP SCREW LEV 6 | 2 | 1947.50 | 3895.00 | |
| 750010207 | 278 | SPEC IMP ORTHO MISC L6 | 2 | 1947.50 | 3895.00 | |
| 750010218 | 278 | SPEC IMP ORTHO MIS L17 | 2 | 21422.50 | 42845.00 | |
| 750023929 | 278 | BONE CEMENT CELLERATE | 1 | 2726.50 | 2726.50 | |
| 750023930 | 278 | BONE CEMENT H-GENIN | 1 | 4674.00 | 4674.00 | |
| 750030259 | 278 | GRAFT VASCULAR LVL 9 | 1 | 3505.50 | 3505.50 | |
| 030001001 | 301 | GLUCOSE, BEDSIDE | 1 | 50.00 | 50.00 | |
| 210002028 | 320 | SPINE CERVICAL 1 VIEW | 1 | 330.00 | 330.00 | |
| 813000778 | 360 | SURG 1ST 0.5HR BASIC | 1 | 6333.00 | 6333.00 | |
| 813000780 | 360 | SURG ADD 0.25HR BASE | 7 | 1358.00 | 9506.00 | |
| 350001101 | 370 | GEN ANES 1ST 0.5HR | 1 | 1425.00 | 1425.00 | |
| 350002000 | 370 | ANES EA ADD'L 0.25HR | 7 | 360.00 | 2520.00 | |
| 770000231 | 636 | NACL/KCL 20 MEQ 1000ML | 1 | 19.89 | 19.89 | |

135-208 (10-90)

GPD-054116

FINAL DIAGNOSIS
SURGICAL PROCEDURE

THE RESPONSIBILITY OF THIS BILL RESTS WITH THE GUARANTOR

HOSPITAL REPRESENTATIVE & DATE
01/18/19

MRI 71722943    PAYR 4MYBL SAT 01 IPP11552 WAP053

 **FLORIDA HOSPITAL**

 ADVENTHEALTH ORLANDO
601 E ROLLINS ST
ORLANDO FL 328031248
(407) 303-0515

 IRS NO. 590724459

A NON-PROFIT HOSPITAL LICENSED BY THE STATE

SURANCE BENEFITS ARE ESTIMATES ONLY AND ARE NOT NECESSARILY FINAL

PLEASE: REFER TO ACCOUNT NUMBER ON ALL CORRESPONDENCE & PAYMENTS

**ACCOUNT NUMBER   89621223**

| | |
|---|---|
| PATIENT NAME | ENCARNACION, JOSE M |
| PATIENT ADDRESS | 12131 CLUB WOODS DR |
| INSURANCE COMPANY | |
| INS. POLICY | VMYH29863720 99999MBS |
| EMPLOYER NAME | UNLISTED EMPLOYER |
| ADMISSION | 12/13/18  07:29 AM |
| DISCHARGE | 12/14/18  02:40 PM    TOTAL DAYS   1 |

**GUARANTOR**

JOSE M ENCARNACION

PAGE     2     OF     2     PAGES

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

AMOUNT ENCLOSED   $

| REFERENCE NUMBER | ORDER CATEGORY | DESCRIPTION OF SERVICE | QUANTITY | UNIT | TOTAL AMOUNT | MAXIMUM ESTIMATED COVERAGE | |
|---|---|---|---|---|---|---|---|
| 770005829 | 636 | NACL  50 ML PGB | 1 | 7.77 | 7.77 | | |
| 300005283 | 636 | METHOCARBAMOL 10 ML IV | 1 | 546.38 | 546.38 | | |
| 300005283 | 636 | METHOCARBAMOL 10 ML IV | 1 | 546.38 | 546.38 | | |
| 300005290 | 636 | HYDROMORPHONE 2 MG INJ | 1 | 10.02 | 10.02 | | |
| 300005782 | 636 | CEFAZOLIN 1 GM | 1 | 10.29 | 10.29 | | |
| 300005794 | 636 | MEPERIDINE 25 MG INJ | 1 | 7.72 | 7.72 | | |
| 300006633 | 636 | HYDROMORPHONE 1 MG INJ | 1 | 16.46 | 16.46 | | |
| 300008680 | 636 | DEXAMETHAS 4MG/ML 1ML | 1 | 14.15 | 14.15 | | |
| 300008768 | 636 | HYDRALAZINE 1 ML INJ | 1 | 77.18 | 77.18 | | |
| 300010869 | 636 | MORPHINE 2MG/1ML INJ | 1 | 14.10 | 14.10 | | |
| 300010869 | 636 | MORPHINE 2MG/1ML INJ | 1 | 14.10 | 14.10 | | |
| 300011306 | 636 | ACETAMINOPHEN 1,000ML | 1 | 292.69 | 292.69 | | |
| 300011746 | 636 | DILAUDID 0.5MG/0.5ML | 1 | 17.69 | 17.69 | | |
| 300011746 | 636 | DILAUDID 0.5MG/0.5ML | 1 | 17.69 | 17.69 | | |
| 300019050 | 636 | CEFAZOLIN 2GM/20ML SYR | 1 | 10.34 | 10.34 | | |
| 860011209 | 710 | PACU PH1 RECOV 1ST 30M | 1 | 1046.00 | 1046.00 | | |
| | | TOTALS    FOR   12/13/18 | | | 100753.99 | | |
| | | 12/14/18 | | | | | |
| 300010125 | 250 | PERCOCET-5       TAB | 1 | 1.50 | 1.50 | | |
| 300010125 | 250 | PERCOCET-5       TAB | 1 | 1.50 | 1.50 | | |
| 300009657 | 251 | METHOCARBOMOL 500 MG | 1 | 2.30 | 2.30 | | |
| 300001970 | 252 | LEVOTHYROXINE 0.15 MG | 1 | 7.08 | 7.08 | | |
| 300007970 | 252 | TAMSULOSIN 0.4MG TAB | 1 | 22.57 | 22.57 | | |
| 180002125 | 352 | CT CERVICAL WITHOUT | 1 | 3897.00 | 3897.00 | | |
| 300005782 | 636 | CEFAZOLIN 1 GM | 1 | 10.29 | 10.29 | | |
| 300008680 | 636 | DEXAMETHAS 4MG/ML 1ML | 1 | 14.15 | 14.15 | | |
| | | TOTALS   FOR  12/14/18 | | | 3956.39 | | |
| | | TOTAL CHARGES | | | 106587.38 | | |

835-209 (10-90)

GPD-05411

FINAL DIAGNOSIS
SURGICAL PROCEDURE

THE RESPONSIBILITY OF THIS BILL RESTS WITH THE GUARANTOR

MRI 71722943     PAYR 4MYBL SAT 01 IPP11552 WAP053

HOSPITAL REPRESENTATIVE & DATE
01/18/19

RP Date ID: Jan 18 2019          2nd ID CONFIRMED

PATIENT NAME:   JOSE M ENCARNACION          3-53244004    01/18/19      0.00

                                            REMIT TO:

JOSE M ENCARNACION                          US ANESTHESIA PARTNERS OF FLORIDA
                                            PO BOX 744573
                                            ATLANTA,GA 30374-4573

          INV #:6394744 ANDERSON MD,MARK
          LOC: ADVENTHEALTH - ORLANDO
12/13/18  22554    NECK SPINE FUSION.            5497.00
12/31/18

US ANESTHESIA PARTNERS OF FLORIDA
PO BOX 744573
ATLANTA,GA 30374-4573

                              888-325-6084

          8:30 am - 4:30 pm
          Monday - Friday

# FLORIDA HOSPITAL

ADVENTHEALTH ORLANDO
601 E ROLLINS ST
ORLANDO FL 328031248
(407) 303-0515

IRS NO.   590724459

A NON-PROFIT HOSPITAL LICENSED BY THE STATE

NSURANCE BENEFITS ARE ESTIMATES ONLY AND ARE NOT NECESSARILY FINAL

PLEASE: REFER TO ACCOUNT NUMBER ON ALL CORRESPONDENCE & PAYMENTS

ACCOUNT NUMBER   89872797

| | |
|---|---|
| PATIENT NAME | ENCARNACION, JOSE M |
| PATIENT ADDRESS | 12131 CLUB WOODS DR |
| INSURANCE COMPANY | |
| INS. POLICY | |
| EMPLOYER NAME | UNLISTED EMPLOYER |
| ADMISSION | 12/17/18  00:20 AM |
| DISCHARGE | 12/18/18  12:30 PM |

TOTAL DAYS   1

GUARANTOR

JOSE M ENCARNACION

PAGE     1    OF     2    PAGES

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

AMOUNT ENCLOSED   $

| REFERENCE NUMBER | INDUR CATEGORY | DESCRIPTION OF SERVICE | QUANTITY | UNIT | TOTAL AMOUNT | MAXIMUM ESTIMATED COVERAGE | |
|---|---|---|---|---|---|---|---|
| | | 12/17/18 | | | | | |
| '300001167 | 250 | CEPHALEXIN 500 MG CAP | 1 | 6.54 | 6.54 | | |
| '300001167 | 250 | CEPHALEXIN 500 MG CAP | 1 | 6.54 | 6.54 | | |
| '300002818 | 250 | CLINDAMYCIN 900MG PB | 1 | 176.18 | 176.18 | | |
| '300009720 | 250 | DOXYCYCLINE 100 MG TAB | 1 | 28.68 | 28.68 | | |
| 300001970 | 252 | LEVOTHYROXINE 0.15 MG | 1 | 7.08 | 7.08 | | |
| 300007970 | 252 | TAMSULOSIN 0.4MG TAB | 1 | 22.57 | 22.57 | | |
| 020000286 | 301 | LACTIC ACID | 1 | 230.00 | 230.00 | | |
| 020000286 | 301 | LACTIC ACID | 1 | 230.00 | 230.00 | | |
| 020000286 | 301 | LACTIC ACID | 1 | 230.00 | 230.00 | | |
| 020000504 | 301 | HEMOGLOBIN A1C | 1 | 238.00 | 238.00 | | |
| 020001189 | 301 | COMP METABOLIC PANEL | 1 | 245.00 | 245.00 | | |
| 020002000 | 301 | HEPATITIS PROF A,B,C | 1 | 653.00 | 653.00 | | |
| 020002588 | 301 | TROPONIN-T | 1 | 309.00 | 309.00 | | |
| 020002588 | 301 | TROPONIN-T | 1 | 309.00 | 309.00 | | |
| 030001001 | 301 | GLUCOSE, BEDSIDE | 1 | 50.00 | 50.00 | | |
| 030001001 | 301 | GLUCOSE, BEDSIDE | 1 | 50.00 | 50.00 | | |
| 030001001 | 301 | GLUCOSE, BEDSIDE | 1 | 50.00 | 50.00 | | |
| 030001001 | 301 | GLUCOSE, BEDSIDE | 1 | 50.00 | 50.00 | | |
| 630001002 | 301 | BLOOD GAS ANALYSIS | 1 | 427.00 | 427.00 | | |
| 020001985 | 302 | CRP INFLAMMATORY | 1 | 186.00 | 186.00 | | |
| 080000451 | 305 | SED RATE, WESTERGREN | 1 | 90.00 | 90.00 | | |
| 080001013 | 305 | HEMOGRAM W/PLT&DIFF | 1 | 179.00 | 179.00 | | |
| 040000701 | 306 | * URINE CULTURE | 1 | 227.00 | 227.00 | | |
| 040000702 | 306 | BLOOD CULTURE | 1 | 440.00 | 440.00 | | |
| 040000702 | 306 | * BLOOD CULTURE | 1 | 440.00 | 440.00 | | |
| 040000933 | 306 | MRSA SCREEN | 1 | 246.00 | 246.00 | | |
| 070000570 | 307 | URINALYSIS | 1 | 117.00 | 117.00 | | |
| 210001010 | 324 | CHEST SINGLE VIEW | 1 | 447.00 | 447.00 | | |
| 780003604 | 450 | LEVEL 4 ED EMERGENCY | 1 | 2443.00 | 2443.00 | | |
| 780006001 | 450 | INJECTION IV INITIAL | 1 | 243.00 | 243.00 | | |
| 780006002 | 450 | IVP ADD'L INJECTION | 2 | 243.00 | 486.00 | | |
| 250002141 | 612 | MR CERVICAL SPINE WO | 1 | 5741.00 | 5741.00 | | |
| 770005564 | 636 | NACL 0.9% 1000 ML | 3 | 4.00 | 12.00 | | |
| 770005828 | 636 | D 5 W     100 ML | 1 | 8.20 | 8.20 | | |

35-209 (10-90)

GPD-054116

INAL DIAGNOSIS
URGICAL PROCEDURE

THE RESPONSIBILITY OF THIS BILL RESTS WITH THE GUARANTOR

MRI 71722943    PAYR SPA    SAT 01 IPP11552 WAP053

HOSPITAL REPRESENTATIVE & DATE
01/18/19



 ADVENTHEALTH ORLANDO
601 E ROLLINS ST
ORLANDO FL 328031248
(407) 303-0515



IRS NO. 590724459

A NON-PROFIT HOSPITAL LICENSED BY THE STATE

NSURANCE BENEFITS ARE ESTIMATES ONLY AND ARE NOT NECESSARILY FINAL

PLEASE: REFER TO ACCOUNT NUMBER ON ALL CORRESPONDENCE & PAYMENTS

**G U A R A N T O R**

JOSE M ENCARNACION

| | |
|---|---|
| ACCOUNT NUMBER | 89872797 |
| PATIENT NAME | ENCARNACION, JOSE M |
| PATIENT ADDRESS | 12131 CLUB WOODS DR |
| INSURANCE COMPANY | |
| INS. POLICY | |
| EMPLOYER NAME | UNLISTED EMPLOYER |
| ADMISSION | 12/17/18   00:20 AM |
| DISCHARGE | 12/18/18   12:30 PM   TOTAL DAYS  1 |

PAGE    2    OF    2    PAGES

**PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT**

AMOUNT ENCLOSED   $

| REFERENCE NUMBER | REVENUE CATEGORY | DESCRIPTION OF SERVICE | QUANTITY | UNIT | TOTAL AMOUNT | MAXIMUM ESTIMATED COVERAGE | |
|---|---|---|---|---|---|---|---|
| '300000372 | 636 | PIPERAC/TAZOBACT | 1 | 81.04 | 81.04 | | |
| '300000988 | 636 | LOVENOX 40MG SYRINGE | 1 | 273.46 | 273.46 | | |
| '300005298 | 636 | FENTANYL  2 ML INJ | 1 | 10.29 | 10.29 | | |
| '300010869 | 636 | MORPHINE 2MG/1ML INJ | 1 | 14.10 | 14.10 | | |
| '300010869 | 636 | MORPHINE 2MG/1ML INJ | 1 | 14.10 | 14.10 | | |
| 300011333 | 636 | HUMALOG REGULAR 1 UNIT | 1 | 1.00 | 1.00 | | |
| 300011333 | 636 | HUMALOG REGULAR 1 UNIT | 1 | 1.00 | 1.00 | | |
| 300011732 | 636 | VANCO 1.5GM/250ML NS | 1 | 195.33 | 195.33 | | |
| 300011765 | 636 | VANCOCIN1.25GM/250ML | 1 | 70.00 | 70.00 | | |
| 130000500 | 730 | EKG | 1 | 494.00 | 494.00 | | |
| 020006000 | 761 | IM INJECTION NSG CHG | 3 | 166.00 | 498.00 | | |
| 020006002 | 761 | IVP ADD'L DRUG INJECT | 2 | 240.00 | 480.00 | | |
| 020006004 | 761 | IVP ADD INJ SAME DRUG | 2 | 240.00 | 480.00 | | |
| 020004032 | 762 | OBSERVATION-EACH HOUR | 3 | 222.00 | 666.00 | | |
| | | TOTALS  FOR  12/17/18 | | | 17902.11 | | |
| | | 12/18/18 | | | | | |
| 300001167 | 250 | CEPHALEXIN 500 MG CAP | 1 | 6.54 | 6.54 | | |
| 300001167 | 250 | CEPHALEXIN 500 MG CAP | 1 | 6.54 | 6.54 | | |
| 300009720 | 250 | DOXYCYCLINE 100 MG TAB | 1 | 28.68 | 28.68 | | |
| 300001970 | 252 | LEVOTHYROXINE 0.15 MG | 1 | 7.08 | 7.08 | | |
| 300007970 | 252 | TAMSULOSIN 0.4MG TAB | 1 | 22.57 | 22.57 | | |
| 020001189 | 301 | COMP METABOLIC PANEL | 1 | 245.00 | 245.00 | | |
| 030001001 | 301 | GLUCOSE, BEDSIDE | 1 | 50.00 | 50.00 | | |
| 080001013 | 305 | HEMOGRAM W/PLT&DIFF | 1 | 179.00 | 179.00 | | |
| 770005564 | 636 | NACL 0.9% 1000 ML | 1 | 4.00 | 4.00 | | |
| 300000988 | 636 | LOVENOX 40MG SYRINGE | 1 | 273.46 | 273.46 | | |
| 300011333 | 636 | HUMALOG REGULAR 1 UNIT | 1 | 1.00 | 1.00 | | |
| 020006000 | 761 | IM INJECTION NSG CHG | 2 | 166.00 | 332.00 | | |
| | | TOTALS  FOR  12/18/18 | | | 1155.87 | | |
| | | TOTAL CHARGES | | | 19057.98 | | |

35-209 (10-90)

GPD-054116

INAL DIAGNOSIS
URGICAL PROCEDURE

**THE RESPONSIBILITY OF THIS BILL RESTS WITH THE GUARANTOR**

HOSPITAL REPRESENTATIVE & DATE
01/18/19

MRI 71722943    PAYR SPA    SAT 01 IPP11552 WAP053

# Patient Transaction Report

## Winter Park-Integrity Medical Group

Date Range: Feb 4, 2018-Feb 4, 2019

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Type: | | | | Associated | | Filter Charge By: | Service Date |
| Selected Provider: | | | | All | | Selected Patients: | ENCARNACION, JOSE |

| Patient Name | Patient Account Number | Claim ID | Rendering Provider Name | Service Date | Charges By CPT | | Billed Charge |
|---|---|---|---|---|---|---|---|
| ENCARNACION, JOSE | 26907 | 237 | PHILLIPS, JACOB E | Dec 21, 2018 | 99211 | $85.44 | $85.44 |
| | 237 | | | | | | $85.44 |
| | 26907 | 978 | BEHRMANN, DONALD L | Jan 22, 2019 | 99024 | $577.36 | $577.36 |
| | 978 | | | | | | $577.36 |
| ENCARNACION, JOSE | | | | | | | **$662.80** |
| Summary | | | | | | | **$662.80** |

Feb 4, 2019

RP Date ID: Jan 25 2019          2nd ID CONFIRMED

AKUMIN-KISSIMMEE
819 E OAK STREET
SUITE C
KISSIMMEE FL 34744-5842
(407)932-0224
TAX ID:65-1091915

Patient:
    Acct #: 492674
    ENCARNACION,JOSE

Responsible party:
    ERCANACION, JOSE

| Srvc. Date Modifier(s) | Procedure Description Diagnosis Code(s) | Location | Charge | Balance | Physician |
|---|---|---|---|---|---|
| 01/25/2019 | 72040 - RADIOLOGIC EXAMINATION M54.2 | 21 - KISS | $176.00 | | PIZARRO, JOSE |

Payment Information

TOTAL BALANCE:
Print Date: 02/12/2019

Reproduced: Tuesday, February 12, 2019 12:33:39 PM (hsantiago)

This report has been Reproduced from the Original
Reproduced Tuesday, February 12, 2019 12:33:38 PM (hsantiago)
Page 1 of 1

ELECTRONICALLY FILED
2019 Mar 08 5:07 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**JOSE ENCARNACION and**
**CECILIA MORAN, Individually**
**and as Husband and Wife,**

      **Plaintiffs,**

**v.**

                                   **DOCKET NO.** CT-1037-19
                                   **DIVISION** 8
                                   **JURY DEMANDED**

**HEARTLAND EXPRESS INC OF IOWA**
**d/b/a HEARTLAND EXPRESS and**
**STEVEN SMITH,**

      **Defendants.**

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HEARTLAND EXPRESS INC OF IOWA d/b/a HEARTLAND EXPRESS

**COMES NOW**, the Plaintiffs, JOSE ENCARNACION and CECILIA MORAN, Individually and as Husband and Wife, by and through counsel, pursuant to the Tennessee Rules of Civil of Procedure, files this First Set of Interrogatories and Requests for Production of Documents propounded to the Defendant, HEARTLAND EXPRESS INC OF IOWA d/b/a HEARTLAND EXPRESS, and would respectfully state and show unto this Honorable Court as follows:

#### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term **"Document"** as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and

1

video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)   **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document,

2

the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Incident**" means the collision between STEVEN SMITH, HEARTLAND EXPRESS INC OF IOWA d/b/a HEARTLAND EXPRESS, and JOSE ENCARNACION, which occurred on May 23, 2018 in Shelby County, Tennessee

5.  "**You**," "**Your**," or "**HEARTLAND EXPRESS**" means Defendant HEARTLAND EXPRESS INC OF IOWA d/b/a HEARTLAND EXPRESS.

6.  "**STEVEN SMITH**" means Defendant STEVEN SMITH.

7.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

9.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be

3

outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### HEARTLAND EXPRESS' INFORMATION

**INTERROGATORY NO. 1:**     If you contend that Plaintiffs have sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2:**     Identify the following people: (a) The Safety Director/Chief Safety Officer for Heartland Express on the date of the Subject Incident and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at Heartland Express on the date of the Subject Incident and now; (c) The person(s) responsible for training Steven Smith; and (d) Steven Smith's supervisor and manager on the date of the Subject Incident.

**INTERROGATORY NO. 3:**     For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Heartland Express' driver's actions in the past three (3) years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4

**INTERROGATORY NO. 4:**       Identify and explain each communication of any kind between any federal and/or state agency and Heartland Express that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past five (5) years. This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

<u>VEHICLE INFORMATION</u>

**INTERROGATORY NO. 5:**       With respect to the <u>tractor</u> operated by Steven Smith at the time of the Subject Incident, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Incident and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Incident;

(c)    For the engine, identify the manufacturer, year, model and identification number;

(d)    Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)    Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

5

(f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system; any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from twelve (12) months before the Subject Incident to present.

**INTERROGATORY NO. 6:**    With respect to the <u>trailer</u> operated by Steven Smith at the time of the Subject Incident, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Incident and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Incident;

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

6

(d)    Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs;  any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)    Identify all maintenance and repairs performed for the time period from twelve (12) months before the Subject Incident to present.

### TRIP AND HOURS OF SERVICE INFORMATION

**INTERROGATORY NO. 7:**    With respect to the trip that Steven Smith was on at the time of the Subject Incident, provide the following information:

(a)    Identify all shippers and brokers involved;

(b)    Explain where and when (date and time) Steven Smith picked up the load he had at the time of the Subject Incident;

(c)    Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)    Identify the location, time, duration and reason for each stop Steven Smith made from the time he picked up the load until the time of the Subject Incident; and

(e)    Identify the route Steven Smith intended to follow from the point of origin to the point of destination.

**INTERROGATORY NO. 8:**         With respect to Steven Smith's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Incident, provide the following information:

(a) Identify all errors on Steven Smith's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c) Explain what you have done, if anything,  to audit or verify the accuracy of Steven Smith's logs and identify all persons involved in the process; and,

(d) Identify all documents and data of any kind that you used to audit or verify the accuracy of Steven Smith's logs.

**INTERROGAOTRY NO. 9:**         For the seventy-two (72) hours leading up to the Subject Incident, provide the following information regarding Steven Smith:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Steven Smith slept; and

(e) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

## DRIVER INFORMATION

**INTERROGATORY NO. 10:**         With  Respect  to  Steven  Smith,  provide  the following information:

(a)     Explain the relationship between Heartland Express and Steven Smith at the time of the Subject Incident (e.g., leased driver, company driver, etc.);

8

(b)     Explain how Steven Smith was paid for driving (by hour, by load, by mile, salary or other);

(c)     Explain all steps Heartland Express undertook to qualify Steven Smith in accord with the Federal Motor Carrier Safety Regulations; and

(d)     Identify when Heartland Express' relationship with Steven Smith began and ended.

**INTERROGATORY NO. 11:**     Was Steven Smith acting within the course and scope of his employment or agency at the time of the Subject Incident?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 12:**     Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by Heartland Express regarding Steven Smith at any time.

**INTERROGATORY NO. 13:**     Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of Heartland Express to Steven Smith at any time and in any way related to the operation of a commercial motor vehicle.

**INTERROGATORY NO. 14:**     If Steven Smith has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

**INTERROGATORY NO. 15:**     For each motor vehicle collision/accident involving Steven SMith of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

**INTERROGATORY NO. 16:**     Identify and explain all communications of any kind between Steven Smith and anyone acting for or on behalf of Heartland Express during the

twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Incident.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

### REGULATIONS AND POLICIES

**INTERROGATORY NO. 17:**     If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Steven Smith at the time of the Subject Incident, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

**INTERROGATORY NO. 18:**     Identify all Heartland Express policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Steven Smith at the time of the Subject Incident.

### INVESTIGATION OF SUBJECT INCIDENT

**INTERROGATORY NO. 19:**     Explain your understanding of how and why the Subject Incident occurred.

**INTERROGATORY NO. 20:**     Identify all persons who to your knowledge were present at the scene of the Subject Incident at any time in the forty-eight (48) hours after the collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 21:**     Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Incident; the facts leading up to the Subject Incident; the investigation of the Subject Incident; any party to this action; any vehicles involved in the Subject Incident; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Heartland Express believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 22:**     Identify   and   explain   all   interaction   and communication between anyone working for or on behalf of Heartland Express and any federal and/or state law enforcement personnel/agency regarding the Subject Incident.  Please include the identification of all persons involved and what information was conveyed.

**INTERROGATORY NO. 23:**     Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Steven Smith after the Subject Incident occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

**INTERROGATORY NO. 24:**     As to any tests, inspections, measurements and/or investigations performed by or on behalf of Heartland Express, or of which you are at all aware regarding in any way the Subject Incident and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

**INTERROGATORY NO. 25:**     If you maintain that Jose Encarnacion or any non-party has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 26:**     If Heartland Express has performed any review (e.g., accident review board, preventability determination) of the Subject Incident to determine preventability and/or fault, identify all persons involved in the review, the dates of the review and the conclusions that were reached.

11

## MISCELLANEOUS

**INTERROGATORY NO. 27:**   Identify each person Heartland Express expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 28:**   If anyone working for or on behalf of Heartland Express has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Heartland Express.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for Heartland Express at any time between the time of the Subject Incident and present.

### DRIVER

**REQUEST NO. 3:**   All documents setting forth the relationship between Steven Smith and Heartland Express. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 4:**   The contents of Steven Smith's driver qualification file,  driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not

12

limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 5:**   All documents of any kind that relate to any pre-employment background investigation of Steven Smith, including without limitation any investigation of Steven Smith's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Heartland Express.   This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 6:**   All documents that relate in any way to recruiting, hiring, orientation and training of Steven Smith. This includes but is not limited to all documents that show all training received by Steven Smith; when, where and who provided the training and all materials used for training.

**REQUEST NO. 7:**    All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Steven Smith in your possession, custody and/or control.

**REQUEST NO. 8:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Heartland Express directed to Steven Smith for the purpose of  teaching, counseling, disciplining, correcting or otherwise managing Steven Smith in any way relating to the safe operation of a commercial vehicle.   This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 9:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Steven Smith has been

13

involved.

**REQUEST NO. 10:**  Copies of all documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Steven Smith.  This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800...).

**REQUEST NO. 11:**  For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Steven Smith was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident.  This includes all devices, whether owned by Steven Smith or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 12:**  Copies of all documents prepared by Steven Smith that describes the Subject Incident or the circumstances leading up to the subject incident.

## HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 13:**  A copy of all Steven Smith's hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eight (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 14:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Steven Smith was doing for the time period beginning fourteen (14) days before the Subject Incident and ending two (2) days following the Subject Incident.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

14

(a) All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

(b) All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

(c) All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

(d) All documents evidencing any and all stops; and

(e) All driver call in reports and any other documentation of any communications between you and Steven Smith.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX (6) MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 15:** A copy of all audits and summaries of Steven Smith's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending

15

fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 16:**  For the tractor and also the trailer involved in the Subject Incident, produce the following documents:

(a)   Title;

(b)   Registration;

(c)   Operators manual;

(d)   Maintenance Schedules;

(e)   All documents evidencing maintenance performed on the tractor at any time within six (6) months before the Subject Incident;

(f)   All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

(g)   All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

(h)   All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

(i)   All leases involving the vehicle;

(j)   Documents evidencing the purchase of the vehicle;

(k)   Documents evidencing the sale of the vehicle if it has been sold;

(l)   Documents evidencing mileage and weight at time of the Subject Incident; and

(m)   Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

16

**REQUEST NO. 17:**  If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 18:**  If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 19:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 20:**  Produce copies of all e-mails between Steven Smith and Heartland Express for the time period beginning 90 days prior to the Subject Incident and present.

**REQUEST NO. 21:**  Produce copies of all communications and transmissions between Steven Smith and Heartland Express that were transmitted through any system on-board of the tractor or trailer involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and  system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata,

17

PeopleNet and other transportation service and product providers.

**REQUEST NO. 22:** If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 23:** To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

**REQUEST NO. 24:** A copy of each out of service report or violation concerning the tractor and/or the trailer involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 25:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 26:** For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

**REQUEST NO. 27:** Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Incident for the tractor and trailer.

<u>LOAD</u>

**REQUEST NO. 28:** All documents that relate to the load being hauled by Steven Smith at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

<u>SUBJECT INCIDENT</u>

**REQUEST NO. 29:** A copy of every document related to any investigation done by or on behalf of Heartland Express of the scene of the Subject Incident.

**REQUEST NO. 30:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 31:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 32:** Copies of all photographs, video, computer simulations, and any other documents depicting:

    (a)    Any vehicle involved in the Subject Incident;

    (b)    Any person involved in the Subject Incident;

    (c)    The scene of the Subject Incident; and/or

    (d)    Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 33:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 34:**  If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      (a)    A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      (b)    A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      (c)    Documents evidencing who was on the board;

      (d)    Documents evidencing all criteria for review; and

      (e)    Determination of preventability and all other conclusions reached by said board or entity.

### POLICY AND PROCEDURES

**REQUEST NO. 35:**  Copies of all Heartland Express' policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Incident, relating to:

      (a)    Working for or with trucking company generally (e.g., employee manual or handbook);

      (b)    Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      (c)    Operation of a commercial vehicle;

      (d)    Driving safety;

      (e)    Defensive driving;

      (f)    Compliance with federal and state laws and regulations;

      (g)    Accident investigation;

(h)    Accident review boards;

(i)    Determination of preventability of accidents;

(j)    Hiring, training and supervising drivers; and

(k)    Disciplinary actions.

## TRUCKING COMPANY

**REQUEST NO. 36:** A copy of each document (including articles and presentations) prepared and/or presented by any Heartland Express representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 37:** All company newsletters distributed during the time period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 38:** A copy of all lease and trip lease contracts applicable to Steven Smith and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 39:** Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 40:** A copy of Heartland Express's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 41:** Transcripts or recordings of all depositions of corporate designees for Heartland Express given in the past five (5) years in cases where it was alleged that a driver working for Heartland Express caused injury or death to another person.

**REQUEST NO. 42:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

## MISCELLANEOUS

21

**REQUEST NO. 43:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

    (a)    A copy of all documents (as that term is defined above) and items of any kind produced <u>to</u> said expert;

    (b)    A copy of all documents (as that term is defined above) and items of any kind generated or produced <u>by</u> said expert;

    (c)    A copy of the entire file of said expert;

    (d)    A current résumé or curriculum vitae for said expert; and

    (e)    All billing records and work logs for said expert.

**REQUEST NO. 44:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 45:**  If any surveillance has been undertaken by or on behalf of Heartland Express, produce a copy of all reports, photographs, video and anything else generated through that investigation.

Respectfully submitted,

MORGAN & MORGAN MEMPHIS, LLC

By:

Peter B. Gee, Jr. (TN #21484)
Russell B. Jordan (TN #25493)
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Tel: (901) 217-7000
Fax: (901) 333-1897
Email: pgee@forthepeople.com
Email: rjordan@forthepeople.com
*Attorneys for the Plaintiffs*

22

# VERIFICATION

STATE OF _____

COUNTY OF _____

     I, _____ **(Representative for Heartland Express),** make oath that the facts contained in the foregoing Interrogatories are true and correct to the best of my knowledge, information and belief.

                      _____ (signature)

                      _____ (printed name)

     SWORN AND SUBSCRIBED to before me this _____ day of _____, 2019.

                      _____

                      Notary Public

My Commission Expires:

_____



US POSTAGE PITNEY BO
ZIP 37243 $ 008
02 4W
0000336983 MAR 2

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7018 1830 0000 4542 0380

**Secretary** Business Services Division

**State of Tennessee**
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243-1102

Law Suit — Troy

**HEARTLAND EXPRESS INC OF IOWA**
901 N KANSAS AVENUE
: CHRIS STRAIN
NORTH LIBERTY , IA 52317